IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HERMINIO LOPEZ,
        Plaintiff,

CV 08-706-PK

FINDINGS AND
v.        RECOMMENDATION

CHARLOTTE REESE KENNEDY,
MARK LAWRENCE, RONALD
STONE, KIRBY BRUMFIELD,
        Defendants.

PAPAK, Magistrate Judge:

      This action was filed June 11, 2008, by *pro se* plaintiff Herminio Lopez against defendants Charlotte Reese Kennedy, Mark Lawrence, Ronald Stone, and Kirby Brumfield. Lopez' complaint alleges defendants' liability under 18 U.S.C. § 241 and 42 U.S.C. § 1985 for conspiring to deprive him of his civil rights, violation of his rights under the First and Fourteenth Amendments and under 42 U.S.C. § 1981, and defamation of his character. This court has jurisdiction over Lopez' action pursuant to 28 U.S.C. § 1331.

Page 1 - FINDINGS AND RECOMMENDATION

Now before the court is Lopez' motion (#4), styled as a "Request for Immediate Injunction." For the reasons that follow, I recommend that the motion be construed as a request for a temporary restraining order, and that the motion be denied.

Although it is not immediately clear that Lopez means to request a temporary restraining order as opposed to a preliminary injunction, analysis of the request suggests that the former procedure is intended. First, Lopez expressly states that he moves the court pursuant to Federal Civil Procedure Rule 65(b)(1), which governs the court's authority to issue temporary restraining orders without notice to nonmoving parties. Second, Lopez in fact elected not to provide notice of his motion to the defendants. The federal courts are without authority to issue preliminary injunctions in the absence of notice to the party against whom the injunction is to issue. *See* Fed. R. Civ. P. 65(a)(1). It therefore appears likely that Lopez intends to request a temporary restraining order.

Rule 65(b)(1) provides that:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Here, Lopez' motion is unaccompanied by any supporting affidavit; moreover, his complaint is unverified. Under the unambiguous provisions of Rule 65(b)(1), this court is therefore without authority to issue a TRO.

Even in the event that Lopez' complaint were verified, or that Lopez had supported his

Page 2 - FINDINGS AND RECOMMENDATION

motion with an affidavit setting forth allegations consistent with those of his complaint, the allegations of his complaint fall short of "clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Although Lopez states that he is in fear of imprisonment on false charges, his subjective mental state is insufficient grounds for ordering the requested injunctive relief. The facts alleged in the complaint do not suggest that Lopez' subjective fears are objectively reasonable, or likely to be realized. For this reason, also, this court should not issue the requested injunction.[1]

## CONCLUSION

For the reasons set forth above, I recommend that Lopez' motion (#4) be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 3, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed,

///

///

///

///

///

---

[1] This court's recommendation that the motion should be denied will not prevent Lopez from filing a subsequent motion for injunctive relief, should he elect to do so, providing such motion is compliant with all applicable provisions of Rule 65 and with all applicable Local Rules, including the certification requirements of L.R. 7.1(a) and the separate memorandum requirement of L.R. 7.1(c).

Page 3 - FINDINGS AND RECOMMENDATION

a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 19th day of June, 2008.

_____
Honorable Paul Papak
United States Magistrate Judge

Page 4 - FINDINGS AND RECOMMENDATION